UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANNON O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:17-cv-02428 |
| | ) | |
| RIVERVIEW HEALTH, | ) | |
| RIVERVIEW HOSPITAL, AND | ) | |
| RIVERVIEW HEALTH FOUNDATION, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Shannon O'Connor, hereinafter Ms. O'Connor, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendants, Riverview Health, Riverview Hospital, and Riverview Health Foundation, hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

## PARTIES

3. The Plaintiff, Ms. O'Connor, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

4. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

5. Defendant Riverview has numerous entities registered with the Indiana Secretary of State without specification of the legal name or registered agent and therefore their status as domestic, foreign, for profit or not-for-profit is unknown.

## ADMINISTRATIVE PROCEDURES

6. On or about June 14, 2016, Ms. O'Connor filed charges of Disability Discrimination, for requesting accommodation of her disability against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-02181.

7. On or about December 7, 2016, Ms. O'Connor amended her charge against the Defendant to include retaliation for requesting accommodation.

8. On or about April 20, 2017, Ms. O'Connor received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-02181, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. O'Connor on or about June 2013.

11. Throughout her employment with Defendant, Ms. O'Connor met or exceeded Defendant's legitimate expectations of performance.

12. Ms. O'Connor has the disability of asthma.

13. Due to her disability Ms. O'Connor has to limit her exposure to respiratory irritants.

14. On or about May 13, 2016, Ms. O'Connor had an asthma attack at work.

15. Ms. O'Connor's asthma attack was caused by a co-worker who came in wearing heavy fragrances, either lotion or perfume.

16. Ms. O'Connor's asthma attack was witnessed by co-workers and supervisors.

17. Brian Hicks took Ms. O'Connor outside in a wheelchair to get fresh air.

18. Brian Hicks sent Ms. O'Connor home, stating "that smell is not going to dissipate anytime soon."

19. Ms. O'Connor asked if she would be paid for the time missed and was informed that she would not be paid.

20. Brian Hicks told Ms. O'Connor that she would not be paid for the time she missed but that Kelly Wells was investigating the issue.

21. The Defendant has a policy that employees are not to wear strong fragrances such as perfumes, lotions and oils.

22. On May 31, 2016, another employee came into work with strong fragrances.

23. Ms. O'Connor again had to use her inhaler on numerous occasions that day due to the strong fragrance causing her asthma to flare up.

24. Ms. O'Connor emailed management about co-worker's continuing to wear heavy fragrances in violation of policy.

25. Ms. O'Connor informed management that the continued policy violation of wearing fragrances to work was causing her asthma to flare up.

26. The Defendant did not respond to Ms. O'Connor's report concerning the continued use of fragrances and its impact on her asthma.

27. After receiving no response from management, Ms. O'Connor went to human resources and was met by four members of management.

28. On June 2, 2016, the four members of management asked Ms. O'Connor about the incident that occurred on May 13, 2016.

29. The Defendant acknowledged that there is a no fragrance policy.

30. The Defendant asserted that even though there is a policy against fragrances they cannot enforce it.

31. During this meeting with management, Ms. O'Connor was told, "we don't feel like you can do your job and we can keep you safe."

32. Ms. O'Connor left the meeting and then Brian Hicks approached her and told her she was indefinitely suspended.

33. When Ms. O'Connor asked why she was being suspended Brian Hicks stated "I'm doing what I am told."

34. During her suspension Ms. O'Connor filed her charge of disability discrimination for failure to accommodate with the EEOC.

35. Three (3) days after Ms. O'Connor filed her charge of discrimination she was notified that her employment was being terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. O'Connor, for her first claim for relief against Defendant, states as follows:

36. Ms. O'Connor hereby incorporates by reference paragraphs 1 through 35 as though previously set out herein.

37. At all times relevant to this action, Ms. O'Connor was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

38. The conduct as described hereinabove constitutes discrimination on the basis of Ms. O'Connor's disability.

39. The Defendant failed to communicate with Ms. O'Connor concerning her disability as required by the ADA.

40. Ms. O'Connor asked for reasonable accommodation of her disability and the Defendant failed to accommodate as required under the ADA.

41. Defendant intentionally and willfully discriminated against Ms. O'Connor because she is disabled and/or because Ms. O'Connor has a record of being disabled and/or because Defendant regarded Ms. O'Connor as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

42. Defendant's actions were intentional, willful and in reckless disregard of Ms. O'Connor's rights as protected by the ADA and Title VII.

43. Ms. O'Connor has suffered emotional and economic damages as a result of Defendant's unlawful actions.

# COUNT II

## RETALIATORY DISCHARGE

44. Ms. O'Connor hereby incorporates by reference paragraphs 1 through 43 as though previously set out herein.

45. Defendant terminated Ms. O'Connor in retaliation for filing an EEOC charge after the Defendant refused to accommodate her disability.

46. The Defendant suspended Ms. O'Connor in retaliation for requesting an accommodation.

47. Ms. O'Connor filed a charge with the EEOC for disability discrimination and the Defendant intentionally and willfully retaliated against Ms. O'Connor for filing her EEOC charge by terminating her employment in violation of Title VII.

48. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. O'Connor's legal rights under Title VII.

49. Ms. O'Connor has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. O'Connor, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. O'Connor her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. O'Connor all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. O'Connor all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. O'Connor, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff